IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE MITCHELL GOLD CO., LLC,<br><br>Debtor.<br><br>GEORGE L. MILLER, solely in his capacity as the Chapter 7 Trustee of THE MITCHELL GOLD CO., LLC,<br><br>Plaintiff,<br>v.<br><br>PINTEREST INC.,<br><br>Defendant. | Chapter 7<br><br>Case No. 23-11385-LSS<br>(Jointly Administered)<br><br><br><br>Adv. Pro. No. 25- |

### TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Plaintiff, George L. Miller, the chapter 7 Trustee (the "Trustee") for the bankruptcy estate of The Mitchell Gold Co., LLC (the "Debtor"), by and through his attorneys, Ciardi Ciardi & Astin, as and for his complaint (the "Complaint") against Pinterest Inc. ("Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.  The Trustee brings this action against the Defendant to avoid and recover certain preferential transfers made by the Debtor to the Defendant that occurred during the ninety (90) day period prior to the date of commencement of the Debtor's bankruptcy proceedings (the "Preference Period"), and to recover the value thereof.

### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2.  The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3.  This adversary proceeding has been referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

4.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5.  The Trustee agrees to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

6.  Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

7.  The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8.  Upon information and belief, and according to the Debtor's books and records, the Defendant's principal place of business was located at 808 Brannan St, San Francisco, CA 94103.

9.  The predicates for the relief sought herein are sections 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 7001.

10. Pursuant to sections 323(b) and 704(a)(1) of the Bankruptcy Code, the Trustee has standing to litigate affirmative claims of and object to claims asserted against the Debtor.

## BACKGROUND

11. On September 6, 2023, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in this Court.

12. On September 20, 2023, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed a seven-member committee of unsecured creditors (the "Committee").

13. On October 6, 2023, the Bankruptcy Court entered an Order Converting the

Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code [ECF No. 194].

14.     On October 6, 2023, the Office of the United States Trustee appointed George L. Miller as Trustee of the Debtor's estate and is presently so acting.

15.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtor prior to the Petition Date, as more fully disclosed herein.

16.     Before the Petition Date, the Debtor's business was a vertically integrated manufacturer, distributor and retailer of American-made furniture, home décor, and accessories. The Debtor manufactured upholstered products in its Taylorsville, North Carolina facility, where until August 25, 2023, it employed hundreds of skilled craftspeople and supporting staff. The Debtor's products included sofas, sectionals, chaises and lounges, chairs, bedding, rugs, lighting, mattresses, tables, storage, office furniture, wall art, mirrors, and other accessories. The Debtor no longer operates their business, and the Trustee is in the process of liquidating the Debtor's assets.

17.     The Debtor operated approximately twenty-four (24) retail stores under the Mitchell Gold + Bob Williams trade name, a retail website www.mgbwhome.com, thirty-eight (38) visual stores, and six (6) outlet stores.

18.     The Debtor maintained at least three depository accounts held by PNC, Wells Fargo Bank, N.A., or Bank of America, N.A. (the "Bank Accounts"). Between June 8, 2023, and September 6, 2023 (the "Preference Period"), the Debtor continued to operate its business and, in connection therewith, make disbursements or other transfers of property, whether by checks, cashier's checks, wire transfers, ACH transfers, direct deposits, or otherwise to various entities for goods and services used to purportedly facilitate their business operations.

19.     Upon information and belief, Defendant provided goods or services to the Debtor

at varying times before the Petition Date. Prior to the Petition Date, Defendant and the Debtor were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods or services provided by Defendant to the Debtor as described herein.

20. According to the Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Schedules"), the Debtor's books and records, the Debtor's financial information in a Cloud, the Debtor's Bank Statements, and financial information produced pursuant to Rule 2004 requests, the Debtor made one or more transfers of an interest of the Debtor's property through payments aggregating not less than $83,748.52 to Defendant during the Preference Period (the "Transfer" or "Transfers"). The Transfers were for goods or services provided by Defendant and made pursuant to invoices or statements submitted by Defendant reflecting such goods or services previously provided, and, as a result, the Trustee is seeking to avoid the Transfers. The Transfers are more fully set forth on **Exhibit A** attached hereto.

21. On July 7, 2025 the Trustee sent a demand letter to Defendant, seeking a return of the Transfers (the "Demand Letter"). The Demand Letter detailed each of the Transfers by providing transferor, transferee, transfer date, check number (where applicable), transfer type (i.e. wire, check, etc.), and transfer amount.

22. The Demand Letter also indicated that potential statutory defenses may be available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support such defenses, it provide this evidence to the Trustee so he could review same prior to filing the Complaint.

23. The Trustee has also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of that due diligence and where reasonably available, the Trustee or his professionals reviewed the Debtor's books and records in the Trustee's possession applicable to the Defendant. The Debtor was insolvent during the entire Preference Period. Notwithstanding, Defendant ultimately bears the burden of proof under section 547(g) of the Bankruptcy Code as to any defenses available under section 547(c). Any applicable consideration that the Trustee gave to Defendant's defenses are based on data gleaned from the Debtor's books and records available and applicable to each Defendant, which calculations may be subject to adjustment or otherwise conflict with Defendant's records. Accordingly, the Trustee puts Defendant to its burden of proof to establish it is entitled to any defenses under section 547(c).

24. Based upon the Trustee's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing the Trustee's own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfer(s), the Trustee has determined that he may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

25. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to or for the benefit of Defendant during or before the Preference Period that are avoidable under sections 547 or 548 of the Bankruptcy Code. The Trustee intends to avoid and recover all such transfers made to or for the benefit of Defendant or any other transferee during the Preference Period. The Trustee reserves the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers (as defined below), (ii) additional transfers made during or before the Preference Period, (iii) additional defendants, (iv) modifications of or revision to Defendant's name, and (v) additional causes of action, if applicable (collectively, the "<u>Amendments</u>"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intends for any such Amendments to relate back to this Complaint.

26. Upon information and belief, based on the Trustee's liquidation of the Debtor's non-litigation assets and the projected recoveries from the Debtor's litigation assets, general unsecured creditors will not be paid in full.

27. The Transfers were made on the dates indicated on **Exhibit A**.

28. The Transfers were listed on the Debtor's Statement of Financial Affairs as transfers made by and between the Debtor and the Defendant.

29. The Trustee has performed reasonable diligence on all known affirmative defenses as required by 11 U.S.C. § 547.

30. The Trustee has inquired of the Defendant of information related to affirmative defenses and has either (a) received no response or (b) incorporated such response into this Complaint.

**FIRST CLAIM FOR RELIEF**
(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

31. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 30 hereof as if fully set forth herein.

32. Each Transfer identified in **Exhibit A** was made to the Defendant.

33. Each Transfer was a transfer of an interest of the Debtor in property.

34. Each Transfer was made to or for the benefit of the Defendant that was listed in the Statement of Financial Affairs or discovered by The Trustee.

35. Each Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before such Transfers were made. *See* **Exhibit A**.

36. Prior to the Petition Date, Defendant demanded the past due payment on each Transfer and/or payment made by Debtor.

37. Each Transfer was made during the Preference Period.

38. Each Transfer was made while the Debtor was insolvent.

39. Each Transfer enabled the Defendant to receive more than the Defendant would have received if (i) the Transfers and/or payments had been made, or (ii) the Defendant received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

40. Each Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

41. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 40 hereof as if fully set forth herein.

42. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the Transfers, or the person or entity for whose benefit the Transfer(s)

7

was/were made.

43. Each Transfer that is avoided under section 547(b) of the Bankruptcy Code is recoverable pursuant to section 550 of the Bankruptcy Code.

44. Subject to potential defenses, the Trustee is entitled to recover the value of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Trustee demands judgment as follows:

A. Pursuant to the First and Second Claims for Relief, entering judgment against the Defendant under sections 547 and 550 of the Bankruptcy Code and in favor of the Trustee avoiding and recovering the Transfers in an amount not less than $83,748.52 and

B. Awarding the Trustee post judgment interest at the maximum legally applicable rate; and

C. Granting the Trustee such other and further relief the Court deems just and appropriate.

Dated: August 28, 2025
Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr.
No. 4123
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Telephone: 484-437-2676
Email: jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 telephone
Email: aciardi@ciardilaw.com
*Counsel to George L. Miller*